THOMAS D. MURPHY COMPANY *v.* RUSSELL.

Opinion delivered May 5, 1924.

SALES—BREACH OF CONTRACT—DAMAGES.—Where a buyer contracted for advertising calendars, and agreed not to countermand the order, his notification after the calendars were manufactured to hold the shipment until the seller heard from him, and that he would not accept shipment otherwise, constituted a breach of contract, entitling the seller to damages.

Appeal from Phillips Circuit Court; *E. D. Robertson,* Judge; reversed.

*A. D. Whitehead,* for appellant.

The undisputed testimony showed, and appellee admitted, that he breached the contract. Appellant therefore, not having consented to the breach, was entitled to treat the contract as rescinded, and to bring suit for the breach. 92 Ark. 111; 107 Ark. 106; 93 Ark. 453. The failure of one party to a contract to comply with its terms releases the other from compliance with it. 65 Ark. 447; 93 Ark. 453; 38 Ark. 174; 26 Ark. 309; 67 Ark. 156. A substantial breach by one party to a contract authorizes the other to treat it as terminated and to bring suit for

the balance due under the contract.    98 Ark. 160; 78 Ark. 336.    Appellee admitted the breach.    The facts undisputed, it was a question of law for the court, and it should have directed a verdict for the plaintiff.    63 Ark. 335; 104 Ark. 267; 89 Ark. 29.

*John I. Moore, Jr.*, for appellee.

Requests for instructions not based on evidence are properly refused.    141 Ark. 464; 147 Ark. 598.    The jury are the sole judges of questions of fact.    An instruction which assumes as proved a fact required to be found by the jury is erroneous.    18 Ark. 521; 20 Ark. 170; 23 Ark. 411; 36 Ark. 117; 93 Ark. 29.    The court is without power to direct a verdict for either party when the evidence is conflicting.    39 Ark. 413; *Id.* 419; 36 Ark. 451; 71 Ark. 305; 105 Ark. 213; 101 Ark. 376.

HUMPHREYS, J.    This suit was brought by appellant against appellee in the municipal court of the city of Helena to recover $105 damages for an alleged breach of contract by refusing to accept 1,200 calendars which it manufactured for said appellee.    It was alleged, in substance, in the complaint that appellee entered into a written contract with appellant wherein he agreed to purchase 1,200 calendars, with the following advertisement written thereon: "Helena Market, 409 Elm Street, Phone No. 675, Arkansas. Cleanliness—Quality;" that it agreed to mail out the calendars at the rate of 100 per month, as per mail order list to be furnished by appellee, on or before August 1, 1920, and, if mail order list was not furnished, to be shipped directly to appellee; that it manufactured the calendars, and was ready to ship them, in accordance with the terms of the contract, when appellee directed it not to mail or ship them, thereby breaching the contract, to the damage of appellant in the sum of $105.

No answer was filed, as written pleadings were not required in the municipal court. The allegations of the complaint were treated as denied, and the cause proceeded to a hearing and judgment, from which an appeal was duly prosecuted to the circuit court, where the cause

was tried *de novo,* resulting in a judgment dismissing appellant's complaint, from which is this appeal.

The facts are undisputed. The alleged contract was executed by the parties, and contained a provision that appellee could not countermand the order. The calendars were manufactured before any attempt was made by appellee to cancel the contract. Three letters appear in the record relating to the cancellation of the contract and the shipment of the calendars. They are as follows:

"Helena, Ark., Aug. 3, 1920.

"The Thomas D. Murphy Co.,

"Red Oak, Iowa.

"Gentlemen: I am inclosing your mailing list which you sent me some time ago for the reason that I will be unable to use your calendars. Having a deal pending for the sale of my place, the calendars will be unnecessary. I will speak to the buyer of the place and maybe he will be able to give you a similar order. Thanking you for your attention, I am, yours truly, S. H. Russell."

"* * * August 10, 1920.

"Helena Market, 409 Elm St.

"Helena, Ark.

"Gentlemen: We have your esteemed favor of the 3rd inst., in which you request that we cancel your calendar order, inasmuch as you are about to close out your business. However, we regret that this action will be impossible, since the calendars are completed and awaiting your disposal in our factory.

"Upon referring to the order, we note that the advertising material will undoubtedly be just as suitable for the new man as for you. We will, of course, expect to make delivery of the calendars in accordance with the contract, in view of the fact that the goods are printed. We will hold up the order in our factory until the 20th of the month, and, if we have no instructions from you regarding the mailing out of the order by that time, we will ship the goods direct, as we wish to make certain that they arrive in proper season for distribution. We

. are sure that you will be able to place the order with your successor, and thus relieve yourself of the calendars.

"Regretting that we could not meet with your wishes, we are, yours very truly, The Thomas D. Murphy Co."

"Helena, Ark., Aug. 14, 1920. ·

"The Thomas D. Murphy Co.

"Red Oak, Iowa.

"Gentlemen: I have your letter of the 10th inst., in which you state that the goods which I ordered from you is already printed.

"I think that I gave ample notice for cancellation of the order, but, in view of the fact that the goods have been made ready for shipment, I ask you to hold the shipment until you hear further from me. Do not ship on the 20th, as per your letter, as I will not accept under that condition. Yours very truly, S. H. Russell."

The calendars were not mailed out, shipped to, or received by appellee, because he requested appellant not to mail them until further notice, and that, if shipped to him on the 20th, as indicated in its letter, he would not receive them.

At the conclusion of the testimony appellant requested the court to instruct a verdict for it, and the court erred in not doing so. The undisputed evidence showed that a binding contract had been entered into by and between the parties, and that appellee breached it by instructing appellant not to mail or ship the calendars. This relieved appellant from mailing or shipping them, and entitled him to damages for the breach.

The judgment dismissing his complaint will therefore be reversed, and judgment entered here in favor of appellant for $105 against appellee and his bondsmen.